UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Kashif Shankle, et al., | Case No.: 2:21-cv-01316-JAD-BNW |
| Plaintiffs | |
| v. | **Order Denying Motion to Stay Order Remanding this Case Back to State Court** |
| The Heights of Summerlin, LLC, et al., | [ECF No. 27] |
| Defendants | |

This is a nursing-home wrongful-death case. When the heirs and estate of Rita Esparza sued her elder-care facility The Heights of Summerlin, LLC and others in Nevada state court, the defendants removed the action to federal court, theorizing that because this case involves protocols they implemented in response to the COVID-19 pandemic, federal jurisdiction exists under either the Public Readiness and Emergency Preparedness (PREP) Act[1] or the federal-officer removal statute.[2] Joining with the vast majority of courts that have considered the issue, I granted the plaintiffs' motion to remand and sent this case back to state court.[3] Two weeks later, the defendants filed a notice of appeal and moved to stay the remand order.[4] Because the stay factors weigh against one here, I deny the motion.

## Discussion

In deciding whether to stay the effect of an order pending appeal, the court traditionally considers (1) whether the movant has made "a strong showing that [it] is likely to succeed on the merits" of the appeal, (2) whether the movant "will be irreparably injured absent a stay," (3)

---

[1] 42 U.S.C. § 247d-6d.
[2] 28 U.S.C. § 1442(a)(1).
[3] ECF No. 25.
[4] ECF No. 26; ECF No. 27.

whether the stay will cause other interested parties substantial injury, and (4) "where the public interest lies."[5]  The first two factors—likelihood of success and irreparable harm—are "the most critical."[6]  But none of the factors dictate a stay here.

Assuming without deciding that this court even has jurisdiction to consider this motion,[7] the defendants have not shown a likelihood of success on appeal.  An order remanding a case back to state court is generally not reviewable on appeal, with limited exceptions that don't appear to apply here.[8]  So whether the defendants can even pursue this appeal is uncertain.  If the Ninth Circuit does reach its merits, the likelihood of success is low.  The defendants attempted to surmount the "strong presumption against removal jurisdiction"[9] by arguing that these exclusively state-law tort claims implicate the PREP Act or the federal-officer removal statute. Though creative, these arguments stretched both statutes well beyond their limits.[10]  For the reasons I explained in my extensive remand order and do not repeat here, I anticipate that the

---

[5] *Nken v. Holder*, 556 U.S. 418, 426 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).

[6] *Lair v. Bullock*, 697 F.3d 1200, 1204 (9th Cir. 2012).

[7] It does not appear that this court even has jurisdiction to consider this request.  The act of sending the certified copy of the remand order to state court operates to return jurisdiction back to state court.  *See, e.g.*, *Agostini v. Piper Aircraft Corp.*, 729 F.3d 350 (3d Cir. 2013) ("the mailing of a certified copy of the remand order to state court is the event that formally transfers jurisdiction from a district court within this Circuit to a state court."); 28 U.S.C. § 1447(c).  The certified copy of the remand order was sent to the state court 15 days before this motion to stay was filed.  *See* ECF No. 25 docket entry.  And the state-court docket reflects that it received that order seven days before the stay motion was filed.  Register of Actions for Eighth Judicial District Case No. A-21-836257-C.  It thus appears that this court lacks jurisdiction to consider this issue.

[8] 28 U.S.C. § 1447(d); *United Invs. Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004) (finding that § 1447(d) barred appellate review of order remanding case to state court based on perceived lack of subject-matter jurisdiction).

[9] *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992) (internal quotation marks and citations omitted).

[10] ECF No. 25.

Ninth Circuit would reach the same conclusion and find subject-matter jurisdiction lacking. The defendants' assertions about the merits of their appeal are founded upon the same points that I rejected, and I do not find them any more persuasive now. So I find that the defendants have not made a strong showing of their likelihood of success on appeal.

Nor have the defendants shown that they will suffer irreparable harm unless this court stays the remand order. Jurisdiction has been returned to the state court and no further action will be taken in this federal district-court matter.[11] So a stay will change nothing with respect to what happens here. This court also lacks the power to enjoin the now-remanded state-court action.[12] Plus, the defendants don't need this court to stay the remand order to stop the litigation pending the appeal—the state court can stay its own proceedings. And indeed, after the case was returned to the state court, the defendants moved the state court to stay for that purpose.[13] Even if the state court denies that motion, the defendants have not shown how forcing them to litigate this case in state court while the appeal proceeds would cause them irreparable harm; at most they have shown that they might incur duplicative or needless fees and costs of litigation, which is not irreparable harm.[14] So I cannot conclude that the defendants have shown that they would be irreparably harmed absent a stay from this court.

The final two factors also do not favor a stay. The plaintiffs have shown that a stay will cause them injury by preventing them from moving forward with discovery. Plaintiffs filed this action last summer, and the removal and remand process has already slowed its progress. A stay

---

[11] *See supra* note 7.

[12] 28 U.S.C. § 2283 (the Anti-Injunction Act prohibits federal courts from enjoining state-court proceedings "except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments").

[13] I take judicial notice of the state-court docket and the pendency of that stay motion.

[14] ECF No. 31 at 8 (reply).

3

while the Ninth Circuit takes up the question of which court this case belongs in will only needlessly compound that delay and the risk that evidence may be lost or more difficult to collect. For the same reasons, a stay is not in the public interest.

**Conclusion**

IT IS THEREFORE ORDERED that the motion to stay **[ECF No. 27] is DENIED.**

_____
U.S. District Judge Jennifer A. Dorsey
January 31, 2022